### CAROLINE B. HIDDEN *vs.* JAMES E. HIDDEN & others.

A testator gave all his estate to a trustee and his heirs, in trust to pay annually, out of the rents and profits, $250 to the testator's wife, and, on the happening of a contingency to convey the estate to the testator's son, for his use during his life, and after his death to his heirs in fee, the said son or his heirs securing to the testator's wife the $250 a year during her life. On the petition of the widow, under the Gen. Sts. *c.* 100, and the St. of 1864, *c.* 168, for a sale of the real estate devised, filed after the contingency had happened, *Held*, that the son was entitled to elect whether he would take the estate on the condition imposed; that if he did take it, the court had no authority to order a sale; that if he did not take it, the court had authority to order the sale, but notice of the petition must be given to the trustee.

PETITION under the Gen. Sts. *c.* 100, and the St. of 1864 *c.* 168, praying for the sale of certain real estate in Attleborough, being all the real estate devised by William Hidden in his will, the material provisions of which were as follows : " I give and devise all my estate, real and personal, whereof I may die seised or possessed, to James C. Hidden, to have and to hold the same to himself, his heirs and assigns forever, upon the use and trusts following, namely : Out of the rents and profits of said estate, my trustee shall annually pay the sum of two hundred and fifty dollars to my wife Caroline. Whatever balance may remain in the hands of my trustee after the payment of the aforesaid annuity to my wife, shall from time to time be invested by him, until said investments shall amount to the sum of one thousand dollars, when said trustee shall convey the same to my grandson, George H. Day, to be received by him upon his attaining the age of twenty-one years. If my grandson, George H. Day, should die before attaining the age of twenty-one years, the said investment of one thousand dollars shall be conveyed by my said trustee to my son, James E. Hidden, as also all the remaining portion of my estate, both real and personal, to his use and behoof during life, and after him, in fee simple to his heirs forever: the said James E. Hidden, or his heirs, securing to my wife Caroline the payment of two hundred and fifty dollars per annum during her life."

Notice of the petition was served on *James E. Hidden*, the testator's son, but it did not appear that notice was served on James C. Hidden, the trustee. A guardian *ad litem*, appointed for the children of James E. Hidden and those persons not in being who might be interested in the estate, assented to the sale prayed for.

At the hearing before *Wells*, J., it was agreed that since the death of the testator the buildings on the estate had been destroyed by fire; that the petitioner had not, since the fire, received any part of her annuity; that George H. Day had died under age; and that James E. Hidden had two children. The case was reserved by the presiding judge for the determination of the full court.

*J Daggett,* for the petitioner.

*J H. Dean,* for James E. Hidden, and those who have the estate after him.

GRAY, J.   The principal objects for which the testator put his estate in trust appear by his will to have been the following :

First. That, " out of the rents and profits of the estate," an annuity of two hundred and fifty dollars should be paid to his widow.

Second. That any surplus income, after payment of this annuity, should be invested to create a provision for his grandson, George H. Day, upon his arriving at the age of twenty-one years.

Third. That, upon the death of that grandson under twenty-one years of age, the sum so invested and all the rest of the estate should be paid to the testator's son, James E. Hidden, for life, with remainder to his heirs, provided that he should first secure to the testator's widow the payment of two hundred and fifty dollars yearly during her life.

Upon the death of the grandson, the son was entitled to a conveyance of the whole estate on giving such security.   It does not appear that he has had any opportunity to elect whether he will comply with the terms of the condition and take the estate.   If he should so elect, there would be no occasion and no authority to order a sale of the estate.   If he should not, he would not be entitled to the estate under the will ; the estate would remain in the hands of the trustee ; and if unproductive of income, it would be within the discretion of the court, in the exercise of its jurisdiction in equity, to order the trust estate to be sold and the proceeds reinvested ; in which case the rents and income, not exceeding two hundred and fifty dollars a year, would be payable under the will to the widow for .ife, and the question of the right to the principal could not be determined till her death.

A petition to this court for such an order may, by the express terms of the St. of 1864, *c.* 168, be presented either by the trustee or by any other party interested in the trust estate.   But the trustee, when not himself the petitioner, must of course be made

a party, by notice or assent. The cause must therefore stand for a hearing of the widow, the trustee and the respondents before a single justice upon the question of the time to be allowed to James E. Hidden to elect whether he will take the estate, giving the requisite security ; and, if he elects not to do so, then upon the further question of the expediency and the manner of a sale of the estate and investment of the proceeds by the trustee or his successor.                    *Ordered accordingly.*